UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CELIA CAMPBELL,                                                                    08 CIV 7411 (LAK) (AJP)

             Plaintiff,

                                                                                                         ANSWER

-against-

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

             Defendants.
------------------------------------------------------------------------X

       Defendants, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT & LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, by their attorneys, LITCHFIELD CAVO, LLP, answering the complaint of the plaintiff herein, respectfully allege upon information and belief as follows:

      1.      Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated "1" and "6".

      2.      Denies each and every allegation contained in the paragraphs of the complaint designated "2", "16" and "17".

      3.      Denies each and every allegation contained in the paragraphs of the complaint designated "3", "4" and "5", respectfully referring all questions of law to the Court for decision at the time of trial.

      4.      Admits the allegations contained in the paragraphs of the complaint designated "7", "9", "10", "11", "12", "13" and "14".

      5.      Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "8" except admits that "defendant Finkle N. Freight & Logistics was a foreign company."

6. Denies the allegations contained in the paragraph of the complaint designated "15", except admits that "on or about the 30th day of October, 2007 at about 9:53 a.m. of that day, while plaintiff Celia Campbell was operating her 2000 KIA, the said KIA came into contact with the 1997 FRH truck owned by defendant, Finkle N. Freight & Logistics, and operated by defendant, Gustavo Villalba-Coronado."

### AS AND FOR A FIRST AND COMPLETE AFFIRMATIVE DEFENSE

Any damages or injuries sustained by the plaintiff came about as a result of her culpable conduct as defined in CPLR Section 1411, Article 14-A, and any recovery on the part of the plaintiff shall be diminished in accordance with the guidelines set forth in that article.

### AS AND FOR A SECOND AND COMPLETE AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused in whole or in part by her failure to utilize seat belts at the time of the accident.

### AS AND FOR A THIRD AND COMPLETE AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing this action by reason of the provisions of the Comprehensive Automobile Insurance Reparations Act, Insurance Law, Article 51, Section 5102D.

### AS AND FOR A FOURTH AND COMPLETE AFFIRMATIVE DEFENSE

The plaintiff herein is not entitled to recovery by reason of her failure to mitigate damages.

### AS AND FOR A FIFTH AND COMPLETE AFFIRMATIVE DEFENSE

Pursuant to CPLR 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be

replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under Title XVIII of the Social Security Act), workers compensation or employee benefit programs (except such collateral sources entitled by law to liens against any recovery of the plaintiff), then and in that event defendants hereby plead in mitigation of damages the assessments of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two-year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

WHEREFORE, defendants, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT & LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, demands judgment dismissing plaintiff's complaint against them, together with the costs and disbursements of this action, and for any expense incurred by them in the defense thereof, including attorneys' fees.

Dated: New York, New York
       August 26, 2008

> LITCHFIELD CAVO LLP
>
> By: _____
>       VICTOR A. VINCENZI (VAV-6652)
>
> 420 Lexington Avenue, Suite 2104
> New York, NY 10170
> (212) 434-0100
> *Attorneys for Defendants*

TO:   LAW OFFICE OF KENNETH A. LABARCA
      305 Broadway, Suite 805
      New York, NY 10007
      (212) 962-2211
      *Attorneys for Plaintiff*