UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CELIA CAMPBELL,                                          08 CIV 7411 (LAK) (AJP)

                        Plaintiff,

                                                         STATEMENT OF
-against-                                                COMPLIANCE WITH
                                                         LOCAL RULE 81.1(b)
GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

                        Defendants.
------------------------------------------------------------------------X

        Pursuant to Local Rule 81.1(b) of the Southern District of New York, the undersigned

attorneys of record for defendants herein annex hereto and file herewith a complete copy of the

records on file with the New York State Supreme Court, County of Bronx under Index Number

303120/08.

Dated: New York, New York
       September 3, 2008

                                LITCHFIELD CAVO LLP

                                By: _____
                                     VICTOR A. VINCENZI (VAV-6652)

                                420 Lexington Avenue, Suite 2104
                                New York, NY 10170
                                (212) 434-0100
                                *Attorneys for Defendants*


TO:     LAW OFFICE OF KENNETH A. LABARCA
        305 Broadway, Suite 805
        New York, NY 10007
        (212) 962-2211
        *Attorneys for Plaintiff*

Bronx County Clerk Administration System

## Case Details

| | |
|---|---|
| **IndexNo:** | 303120-2008 |
| **Case File Date:** | 4/17/2008 |
| **Index Type:** | CT |
| **Firm Name:** | KENNETH A. LABARCA, ESQ. |
| **Plaintiff:** | celia campbell |
| **Defendent:** | gustavo villalba-coronado |
| **Notes:** | summons and verified complaint |

## Case Summary

| Document Date | Document Type |
|---|---|
| 05/22/2008 | Verified Answer |
| 06/24/2008 | RJI |
| 06/24/2008 | MOTION FEE PAID |
| 07/25/2008 | SFO MOTION DATED 07/23/08 |
| 08/06/2008 | COPY ORDER W/NOTICE OF ENTRY |
| 08/06/2008 | Preliminary Conference Order dated 8/5/08. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------

CELIA CAMPBELL,

*Plaintiff,*

~ against ~

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

*Defendants.*
-------------------------------------------------------------

Index No.: 303 120 / 2008

Plaintiff designates
BRONX County as the
place of trial.

The basis of the venue is:
Plaintiff's residence

**SUMMONS**

Plaintiff resides at:
628 East 216th Street
Bronx, New York
County of Bronx

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
     April 17, 2008

**LAW OFFICE OF KENNETH A. LaBARCA**
*Attorney for Plaintiff*
305 Broadway, Suite 805
New York, New York 10007
Tel.: (212) 962-2211
Fax: (212) 962-2255

Defendants' Addresses:

GUSTAVO VILLALBA-CORONADO
146 EISENHOWER STREET, LAKEWOOD, NEW JERSEY 08701

FINKLE N. FREIGHT & LOGISTICS
435 ALLWOOD ROAD, CLIFTON, NEW JERSEY 07012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
_____
CELIA CAMPBELL,

*Plaintiff,*

~ against ~

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

*Defendants.*
_____

**INDEX NO.:** 303120 /2008

**VERIFIED COMPLAINT**

Plaintiff, complaining of defendants, by KENNETH A. LABARCA, ESQ., their attorney, respectfully allege and show to this Court:

1.     That at all times hereinafter mentioned, plaintiff resides in the County of Bronx, City and State of New York.

2.     That as a result of the hereinafter alleged occurrence, plaintiff herein suffered a serious injury as defined by Section 5102, Subdivision (d) of the Insurance Law of the State of New York.

3.     That by reason thereof, plaintiff herein is entitled to recover for non- economic loss and for such economic losses as are not included within the definition of "basic economic loss" set forth in Section 5102, Subdivision (a) of the Insurance Law of the State of New York.

4.     Plaintiff herein is a "covered person" as defined by Section 5102, Subdivision (j) of the Insurance Law of the State of New York.

5.     This action falls within one or more of the exceptions set forth in CPLR 1602.

6.     That at all times hereinafter mentioned, plaintiff was the operator and owner of a 2000 KIA bearing New York State License Plate EAB3256.

7.     Upon information and belief, defendant Gustavo Villalba-Coronado, was a resident of Lakewood, New Jersey.

8.    Upon information and belief, defendant Finkle N. Freight & Logistics was a foreign company duly licensed to do business in the State of New York.

9.    Upon information and belief, that at all times hereinafter mentioned, defendant Finkle N. Freight & Logistics, owned a certain 1997 FRH truck bearing New Jersey License Plate number AK588L.

10.    Upon information and belief, that at all times hereinafter mentioned, defendant Gustavo Villalba-Coronado, operated the vehicle owned by defendant, Finkle N. Freight & Logistics.

11.    Upon information and belief, at all times hereinafter mentioned, defendant, Gustavo Villalba-Coronado, operated the vehicle owned by defendant, Finkle N. Freight & Logistics, with the consent and/or permission of the defendant, Finkle N. Freight & Logistics.

12.    That at all times hereinafter mentioned, East 233rd and Provost Avenue, County of Bronx, City and State of New York, was and still is a public highway in common use by residents of the State of New York and others.

13.    That on or about 30th day of October, 2007 at about 9:53 A.M. of that day, the aforesaid 1997 FRH truck, owned by defendant Finkle N. Freight & Logistics, and operated by defendant Gustavo Villalba-Coronado, was being operated by defendant Gustavo Villalba-Coronado in the vicinity of East 233rd and Provost Avenue, County of Bronx, City and State of New York.

14.    Upon information and belief, the aforesaid vehicle 1997 FRH truck owned by defendant, Finkle N. Freight & Logistics, and being operated by defendant, Gustavo Villalba-Coronado, was one of the vehicles involved in the occurrence hereinafter more fully set forth.

15.    That on or about the 30th day of October, 2007 at about 9:53 A.M. of that day, while plaintiff Celia Campbell was operating her 2000 KIA, the said 2000 KIA was struck by the 1997 FRH truck owned by defendant, Finkle N. Freight & Logistics, and operated by defendant, Finkle N.

Freight & Logistics, thereby causing plaintiff Celia Campbell to be thrown in and about the vehicle in which she was seated and to become seriously injured about her head, body and limbs.

16.    That the aforesaid occurrence and the injuries sustained by plaintiff Celia Campbell therefrom were caused solely through the fault and negligence on the part of defendants without any fault or negligence on the part of said plaintiff contributing thereto.

17.    That by reason of the aforesaid occurrence, plaintiff Celia Campbell was injured about her head, body and limbs; has suffered, still suffers and, upon information and belief, will in the future continue to suffer great mental and physical pain and bodily injury; that she has been disabled and, upon information and belief, will in the future continue to be disabled by reason of said injuries; that she has required and, upon information and belief, in the future continue to require hospitalization, medical and/or surgical aid and attention for said injuries; that she has expended great sum of money to date for medical aid and attention and, upon information and belief, will be required to do so in the future; that she has been unable to attend to her regular duties and vocation and lost wages and income therefrom and, upon information and belief will in the future continue to lose wages and income and plaintiff's earning power will be diminished; that upon information and belief, her injuries and their sequelae will be of a lasting and permanent nature, and plaintiff has been deprived of the enjoyment of her life, all to plaintiff's damage in an amount the exceeds the jurisdictional limits of all lower courts.

WHEREFORE, plaintiff demand judgment against defendants in an amount that exceeds

the jurisdictional limits of all lower courts together with the costs and disbursements of this action.

Dated: New York, New York
         April 17, 2008

_____
LAW OFFICE OF KENNETH A. LABARCA
*Attorney for the Plaintiffs*
305 Broadway, Suite 805
New York, New York 10007
Tel.: (212) 962-2211
Fax: (212) 962-2255

C:\Documents and Settings\Yesterday\My Documents\My Files\LABARCA\OPEN CASES\Campbell, Celia\Verified Complaint.wpd

## <u>ATTORNEY VERIFICATION</u>

STATE OF NEW YORK    )
                           )ss.:
COUNTY OF NEW YORK  )

The undersigned, and attorney admitted to practice in the State of New York, affirms the following under the penalty of perjury and pursuant to CPLR §2106:

That I am the attorney of record for plaintiffs in the within action.  I have read the foregoing **SUMMON AND COMPLAINT** and know the contents thereof; that same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by the plaintiffs is because plaintiffs do not reside in the County where affirmant maintains his office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are information contained in affirmant's file which has been obtained by the plaintiffs, police reports and investigation.

Dated: New York, New York
      April 17, 2008

KENNETH A. LaBARCA

Law Office of
KENNETH A. LABARCA
305 Broadway, Suite 805
New York, New York 10007

Index No.:  *303120*          Year:  *2008*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

*CELIA CAMPBELL,*

                                         *Plaintiff,*

                    *~against~*

*GUSTAVO VILLALBA-CORONADO and*
*FINKLE N. FREIGHT & LOGISTICS,*

                                         *Defendants.*

## SUMMONS and VERIFIED COMPLAINT

Form Signature Rule: *(130-1.1-a)*

KENNETH A. LaBARCA, ESQ.
*Attorney for Plaintiff*
305 Broadway, Suite 805
New York, New York 10007
Tel.: (212) 962-2211
Fax: (212) 962-2255

To:

GUSTAVO VILLALBA-CORONADO
146 EISENHOWER STREET, LAKEWOOD, NEW JERSEY 08701

FINKLE N. FREIGHT & LOGISTICS
435 ALLWOOD ROAD, CLIFTON, NEW JERSEY 07012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X

CELIA CAMPBELL,                                    Index No.: 303120/08

               Plaintiff,

                                       <u>VERIFIED ANSWER</u>

-against-

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

               Defendants.
------------------------------------------------------------------------X

       Defendants, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT &

LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, by their attorneys,

LITCHFIELD CAVO, LLP, answering the complaint of the plaintiff herein, respectfully allege

upon information and belief as follows:

      1.     Denies knowledge and information sufficient to form a belief as to the allegations

contained in the paragraphs of the complaint designated "1" and "6".

      2.     Denies each and every allegation contained in the paragraphs of the complaint

designated "2", "16" and "17".

      3.     Denies each and every allegation contained in the paragraphs of the complaint

designated "3", "4" and "5", respectfully referring all questions of law to the Court for decision

at the time of trial.

      4.     Admits the allegations contained in the paragraphs of the complaint designated

"7", "9", "10", "11", "12", "13" and "14".

      5.     Denies knowledge and information sufficient to form a belief as to the allegations

contained in the paragraph of the complaint designated "8" except admits that "defendant Finkle

N. Freight & Logistics was a foreign company."

6.    Denies the allegations contained in the paragraph of the complaint designated "15", except admits that "on or about the 30th day of October, 2007 at about 9:53 a.m. of that day, while plaintiff Celia Campbell was operating her 2000 KIA, the said KIA came into contact with the 1997 FRH truck owned by defendant, Finkle N. Freight & Logistics, and operated by defendant, Gustavo Villalba-Coronado."

### AS AND FOR A FIRST AND COMPLETE AFFIRMATIVE DEFENSE

Any damages or injuries sustained by the plaintiff came about as a result of her culpable conduct as defined in CPLR Section 1411, Article 14-A, and any recovery on the part of the plaintiff shall be diminished in accordance with the guidelines set forth in that article.

### AS AND FOR A SECOND AND COMPLETE AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused in whole or in part by her failure to utilize seat belts at the time of the accident.

### AS AND FOR A THIRD AND COMPLETE AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing this action by reason of the provisions of the Comprehensive Automobile Insurance Reparations Act, Insurance Law, Article 51, Section 5102D.

### AS AND FOR A FOURTH AND COMPLETE AFFIRMATIVE DEFENSE

The plaintiff herein is not entitled to recovery by reason of her failure to mitigate damages.

### AS AND FOR A FIFTH AND COMPLETE AFFIRMATIVE DEFENSE

Pursuant to CPLR 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be

replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under Title XVIII of the Social Security Act), workers compensation or employee benefit programs (except such collateral sources entitled by law to liens against any recovery of the plaintiff), then and in that event defendants hereby plead in mitigation of damages the assessments of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two-year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

WHEREFORE, defendants, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT & LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, demands judgment dismissing plaintiff's complaint against them, together with the costs and disbursements of this action, and for any expense incurred by them in the defense thereof, including attorneys' fees.

Dated: New York, New York
     May 13, 2008

                  LITCHFIELD CAVO LLP

                  By: _____
                     VICTOR A. VINCENZI

                  420 Lexington Avenue, Suite 2104
                  New York, NY 10170
                  (212) 434-0100
                  *Attorneys for Defendants*

TO:    LAW OFFICE OF KENNETH A. LABARCA
        305 Broadway, Suite 805
        New York, NY 10007
        (212) 962-2211
        *Attorneys for Plaintiff*

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NEW YORK   )

    VICTOR A. VINCENZI, an attorney admitted to practice in the Courts of the State of New York, states:

    He is an attorney with LITCHFIELD CAVO LLP, attorneys for defendants, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT & LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, herein, that he has read the foregoing ANSWER, and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

    Deponent further says the reason this verification is made by him and not by the defendants is that the defendants do not reside in the County where their attorneys maintain their office.

    That the sources of deponent's information and the grounds of his belief as to all the matters in said ANSWER not stated of his own knowledge are papers, records, and correspondence of said defendants in deponent's file.

    The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
     May 13, 2008

                                             _____
                                           VICTOR A. VINCENZI

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
CELIA CAMPBELL,

               Plaintiff,

-against-

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

               Defendants.
-------------------------------------------------------------------------X

Index No.: 303120/08

DEMAND FOR DOLLAR
AMOUNT OF DAMAGES
CLAIMED

     Defendant, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT &

LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, hereby demand that pursuant to

CPLR § 3017(c), within fifteen (15) days, Plaintiff supply the monetary amount of damages

sought in the above-captioned action.

Dated: New York, New York
      May 13, 2008

                          LITCHFIELD CAVO LLP

                          By: _____
                             VICTOR A. VINCENZI

                          420 Lexington Avenue, Suite 2104
                          New York, NY 10170
                          (212) 434-0100
                          *Attorneys for Defendants*

TO:    LAW OFFICE OF KENNETH A. LABARCA
       305 Broadway, Suite 805
       New York, NY 10007
       (212) 962-2211
       *Attorneys for Plaintiff*

### *AFFIDAVIT OF SERVICE*

STATE OF NEW YORK      )
                                           )ss.:
COUNTY OF NEW YORK  )

Robyn Lorenzo, being sworn, deposes and says:  I am not a party to the action, am over 18 years of age, reside in Staten Island, New York, and am employed in the office of Litchfield Cavo.

On the 15th day of May, 2008, I served a true copy of the annexed VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF PARTICULARS, DEMAND FOR PRODUCTION, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION and DEMAND FOR DOLLAR AMOUNT OF DAMAGES CLAIMED, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known addressee as indicated below:

LAW OFFICE OF KENNETH A. LABARCA
305 Broadway, Suite 805
New York, NY  10007
(212) 962-2211
*Attorneys for Plaintiff*

Robyn Lorenzo

Sworn to before me this
15th day of May, 2008

**Notary Public**

VICTOR A. VINCENZI
Notary Public, State of New York
No. 02VI4921149
Qualified in Dutchess County
Commission Expires Jan 25, 2008   2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Calendar # 39
325 (d)

-------------------------------------------------x

CELIA CAMPBELL

Plaintiff(s),

- against -

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS

Defendant(s),

-------------------------------------------------x

**PRELIMINARY CONFERENCE ORDER**
Pursuant to Part 202 of the Uniform Civil
Rules for the Supreme Court

HON. Alison Tuitt
Preliminary Conference Part
Index Number 303120/08
Conference Date 8/5/08

**APPEARANCES:**

**Plaintiff:**
Firm: Kenneth A LaBarca          (212)
By Attorney: S/A/A                 Phone: 962-221
Carrier: _____ Phone: _____ Coverage Amount: _____

**Defendant 1:** GUSTAVO VILLALBA-CORONADO
Firm: LITCHFIELD CAVO LLP
By Attorney: VICTOR A VINCENZI     Phone (212) 434-0100
Carrier: New Jersey Manf. Phone: _____ Coverage Amount: 2 mill

**Defendant 2:** FINKLE N. FREIGHT
Firm: Same as Defendant 1
By Attorney: _____  RECEIVED  Phone: _____
                      BRONX COUNTY CLERK'S OFFICE
Carrier: _____ Phone: _____ Coverage Amount: _____

**Defendant 3:** _____
Firm: _____     AUG 06 2008
By Attorney: _____               Phone: _____
Carrier: _____ Phone: PAID  NO FEE  Coverage Amount: _____
                      ☐          ☐

**I    INSURANCE COVERAGE:**    ☑ To be furnished within 30 days.

**II   BILL OF PARTICULARS:**
☑ 1.  Not submitted: Bill of Particulars to be served by Sept 5, 2008
       unless previously provided
☐ 2.  Served:  ☐ 2(a). Satisfactory  ☐ 2(b). Unsatisfactory
☐ 3.  Supplemental bill of particulars to be served _____
☐ 4.  Bill of particulars for affirmative defenses to be served _____

**III  MEDICAL REPORTS AND HOSPITAL AUTHORIZATIONS:**
☐ 1.  Furnished (Except: _____ )
☐ 2.  Medical reports or authorizations for records to be served by Sept 5,
☐ 3.  Hospital authorizations to be served by Sept 5, 2008
       Medical, collateral Source, employment, W-2

**IV   PHYSICAL EXAMINATION:**
☐ 1(a). Held                 ☐ 1(b) Waived
☑ 1(c). Examination of Plaintiff
       To be held within 45 days of Plaintiff's ebt
       Defendant to designate physician(s) within 21 days of plaintiff's EBT
☐ 2(a). Physician's report furnished
☑ 2(b). Copy of physician's report to be furnished to plaintiff
       within 45 days of examination.

SC. NO. 8A Rev. 12/04/04

## PRELIMINARY CONFERENCE ORDER                    Page 2 of 2

| V | **EXAMINATION BEFORE TRIAL:** | ☒1. | ☐ Plaintiff    ☐ Defendants    ☒ All parties |
|---|---|---|---|
| | | ☒2. | To be held at _AGREED LOCATION_ |
| | | *BY* | Date: _10 30 - 2008_    Time: _10:15 AM_ |
| | | ☐3. | Held (Except:_____)    ☐Waived |

_Π must be deposed by 10/30/08_

| VI | **OTHER DISCLOSURE:** | ☐1. | None |
|---|---|---|---|
| | | ☒2. | All parties to exchange names and addresses of all witnesses, opposing parties' statements, and photographs. If none, an affirmation to that effect shall be exchanged. |
| | | ☒3. | Authorizations for plaintiff's employment records (IRS) including W-2 for period _2005 — PRESENT_ |
| | | | _W/i 30 DAYS_ |
| | | ☐4. | _____ |
| | | | _____ |
| | | | _____ |
| | | ☐5. | To be completed within _____ |

| VII | **IMPLEADER ACTIONS:** | ☐1(a). None    ☒1(b). To be commenced _60_ days after all EBT's. |
|---|---|---|

| VIII | **DESIGNATED FOR TRANSFER:** | ☐1(a). ~~CPLR 325 (c)~~ |
|---|---|---|
| | | ☐1(b). ~~CPLR 325 (d)~~ |

| IX | **ADDITIONAL DIRECTIVES:** | ☐ See attached page for additional directives |
|---|---|---|

| X | **ALL PARTIES:** | Are directed to complete discovery on or before _3-4-09_ and appear for a compliance conference on _4-2-09_ |
|---|---|---|

**Any statutory stays of disclosure due the pendency of motions pursuant to CPLR 3211, 3212 and 3213 are vacated.**

**Counsel will be required to justify, at the Compliance Conference, failure to adhere to the discovery schedule set forth herein.**

**In the event of non-compliance, costs or other sanctions may be imposed.**

This constitutes the decision and order of this court.

Dated: _8/5/08_          Enter: _____
                                              J.S.C.
                                    ALISON Y. TUITT

**Parties must adhere to all dates contained herein relating to the completion of items in this order. Counsel may not enter into any adjournments without further order of this court.**

SC. NO. 8A Rev. 12/04/04

*39*

# Case Summary

Date: **8/5/2008**
Part: **PC-1**

**0303120/2008**

**CAMPBELL, CELIA** *F.*

vs.

**VILLALBA-CORONADO**

Assigned Justice:        **ALAN SAKS**

Attorney for Plaintiff:   **KENNETH A. LABARCA**
Attorney for Defendant:   **LITCHFIELD CAVO - LAW OFFICE**

Complexity:      **Standard**
Action Type:     **MOTOR VEHICLE**  *Trial/con - (Provel @ 233*

RJI Filing Date:      **6/23/2008**

PC to be held by:     **8/7/2008**

PC Held:

CC to be held by:     **4/19/2009**

Discovery Due Date:   **6/23/2009**

NOI Filing Date:      *Then men.*

Case Status:     **Active**

Open Motion:

(If open motion indicator, "Y", is displayed, please indicate
nature and submission date of motion.)

*a - 4-21-09.*

# **Case Summary**

**0303120/2008**

## CAMPBELL, CELIA

vs.

## VILLALBA-CORONADO

Date: **7/23/2008**
Part: **PC-1**

Assigned Justice:          **ALAN SAKS**

Attorney for Plaintiff:
Attorney for Defendant:          **KENNETH A. LABARCA**
**LITCHFIELD CAVO - LAW OFFICE**

Complexity:          **Standard**
Action Type:          **MOTOR VEHICLE**

RJI Filing Date:          **6/23/2008**

PC to be held by:          **8/7/2008**

PC Held:

CC to be held by:          **4/19/2009**

Discovery Due Date:          **6/23/2009**

NOI Filing Date:

Case Status:          **Active**

Open Motion:          **Y**

(If open motion indicator, "Y", is displayed, please indicate
nature and submission date of motion.)

NEW YORK SUPREME COURT - COUNTY OF BRONX

PART 1° 11

| | Case Disposed | ☐ |
| --- | --- | --- |
| | Settle Order | ☐ |
| | Schedule Appearance | ☐ |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

----------------------------------------X

CAMPBELL, CELIA

Index №. 0303120/2008

-against-

VILLALBA-CORONADO

ALISON Y. TUITT Justice.

----------------------------------------X

The following papers numbered 1 to _____ Read on this motion **DISCOVERY/PROTECTIVE ORDER**
Noticed on **July 11 2008** and duly submitted as No. _____ on the Motion Calendar of _____

| | PAPERS NUMBERED | |
| --- | --- | --- |
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |
| _____ Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this

Defendant's motion to compel plaintiff to respond to
Defendant's demand for Dollar amount of damages claimed
is granted. Plaintiff to provide said response ~~and~~
~~15 days of the date~~ by 7-31-08.
All parties to appear for a conference on 8-5-08.
Defendant to serve a copy of this order on plaintiff's counsel

Motion is Respectfully Referred to:
Justice: _____
Dated: _____

Dated: 7/23/08

Hon. _____
ALISON Y. TUITT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X

CELIA CAMPBELL,                                    Index No.: 303120/08

          Plaintiff,

                                        ORDER WITH NOTICE
-against-                                          OF ENTRY

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

          Defendants.
------------------------------------------------------------------------X

COUNSELORS:

          PLEASE TAKE NOTICE that the within is a true copy of an Order dated July 23, 2008 and duly entered in the within-named Court on July 25, 2008.

Dated: New York, New York
       July 30, 2008


                                LITCHFIELD CAVO LLP

                                By: _____
                                    VICTOR A. VINCENZI

                                420 Lexington Avenue, Suite 2104
                                New York, NY  10170
                                (212) 434-0100
                                *Attorneys for Defendants*


TO:   LAW OFFICE OF KENNETH A. LABARCA
       305 Broadway, Suite 805
       New York, NY  10007
       (212) 962-2211
       *Attorneys for Plaintiff*

NEW YORK SUPREME COURT - COUNTY OF BRONX

PART 1 / 11

☐ Case Disposed        ☐ i
☐ Settle Order          ☐
☐ Schedule Appearance  ☐

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:
--------------------------------------------------X

CAMPBELL, CELIA                    Index № 0303120/2008

-against-

VILLALBA-CORONADO                  ALISON Y. TUITT Justice.
--------------------------------------------------X

The following papers numbered 1 to _____ Read on this motion, **DISCOVERY/PROTECTIVE ORDER**
Noticed on **July 11 2008** and duly submitted as No. _____ on the Motion Calendar of _____

|  |  | PAPERS NUMBERED |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed |  |  |
| Answering Affidavit and Exhibits |  |  |
| Replying Affidavit and Exhibits |  |  |
| Affidavits and Exhibits |  |  |
| Pleadings - Exhibit |  |  |
| Stipulation(s) - Referee's Report - Minutes |  |  |
| Filed Papers |  |  |
| Memoranda of Law |  |  |

Upon the foregoing papers this

Defendant's motions to compel plaintiff to respond to
Defendant's demand for Dollar amount of damages claimed
is granted Plaintiff to provide said response ~~with~~
~~15 days of this order~~ by 7-31-08
All parties to appear for a conference on 8-5-08
Defendant to serve a copy of this order on plaintiff's counsel.

Motion is Respectfully Referred to:
Justice: _____
Dated: _____

Dated: 7 23 08

Hon. _____

ALISON Y. TUITT

STATE OF NEW YORK           )
                            ss.:
COUNTY OF NEW YORK          )

    CHRISTINE WASSERMAN, being duly sworn, deposes and says:

    That deponent is not a party to the within action, is over 18 years of age and resides at Staten Island, New York.

    That on the 30th day of July 2008, deponent served the within ORDER WITH NOTICE OF ENTRY upon:

    LAW OFFICE OF KENNETH A. LABARCA
    305 Broadway, Suite 805
    New York, NY 10007
    (212) 962-2211
    ***Attorneys for Plaintiff***

the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Christine Wasserman

Sworn to before me this
30th day of July 2008

NOTARY PUBLIC

VICTOR A. VINCENZI
Notary Public, State of New York
No. 02VI4921149
Qualified in Dutchess County
Commission Expires Jan 25, 2002 2010

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 Rev. 1/2000

Supreme Court, Bronx County

Index No.: 303120/08

Date Purchased:

| | For Clerk Only |
|---|---|
| CELIA CAMPBELL, | |
| Plaintiff, | IAS Entry Date |
| -against- | |
| GUSTAVO VILLALBA-CORONADO and FINKLE N. FREIGHT & LOGISTICS, | |
| Defendants. | Judge Assigned |
| | RJI Date |

Date issue joined: May 13, 2008     Bill of Particulars served: [ ] Yes   [X] No

## NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference
[ ] Note of Issue and/or certificate of readiness
[X] Notice of motion (return date  July 11, 2008         )
    Relief sought  Compel Plaintiff           )
[ ] Order to Show Cause
    (clerk enter return date _____)
    Relief sought _____)
[ ] Other ex parte application (specify
    _____)

[ ] Notice of petition (return date _____)
    Relief sought
[ ] Notice of medical or dental malpractice action
    (specify _____)
[ ] Statement of net worth
[ ] Writ of habeas corpus
[ ] Other (specify
    _____)

## NATURE OF ACTION OR PROCEEDING (Check ONE box only)

MATRIMONIAL
[ ] Contested                         -CM
[ ] Uncontested                       -UM
COMMERCIAL
[ ] Contract -CONT                      [ ]
[ ] Corporate                         -CORP
[ ] Insurance (where insurer is a party,
    except arbitration)              -INS
[ ] UCC (including sales, negotiable
    instruments)                    -UCC
[ ] *Other Commercial _____       - OC
REAL PROPERTY
[ ] Tax Certiorari                    -TAX

[ ] Foreclosure                       -FOR
[ ] Condemnation                      -COND
[ ] Landlord/Tenant                   -LT
[ ] *Other Real Property _____    -ORP
OTHER MATTERS
[ ] *_____              -OTH

* If asterisk used, please specify further.

TORTS
Malpractice
[ ] Medical/Podiatric                 -MM
[ ] Dental                            -DM
*Other Professional _____-OPM
[X] Motor Vehicle                     -MV
[ ] *Products Liability _____ - PL
[ ] Environmental                     -EN
[ ] Asbestos                          -ASB
[ ] Breast Implant                    -BI
[ ] *Other Negligence _____-OTN
[ ] *Other Tort (including
    intentional _____

SPECIAL PROCEEDINGS
[ ] Art. 75 (Arbitration)             -ART75
[ ] Art. 77 (Trusts)                  -ART77
[ ] Art. 78                           -ART78
[ ] Election Law                      -ELEC
[ ] Guardianship (MHL Art. 81)        -GUARD81
[ ] *Other Mental Hygiene _____-MHYG
[ ] *Other Special Proceeding _____-OSP.

Check "YES" or "NO" for each of the following questions.  Is this action/proceeding against a:

[ ] YES   [X] NO   Municipality: (Specify _____      [ ] YES  [X]  NO  Public Authority: (Specify
_____

[X] YES   [ ] NO   Does this action/proceeding seek equitable relief?
[X] YES   [ ] NO   Does this action/proceeding seek recovery for personal injury?
[ ] YES   [X] NO   Does this action/proceeding seek recovery for property damage?

Pre-Note Time Frames: (**This applies to all cases except contested matrimonials and tax certiorari cases**)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue)

[ ] Expedited:  0-8 months     [X] Standard: 9-12 months     [ ] Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

Has summons been served?              ☐ No   ☐ Yes, Date _____

Was a Notice of no Necessity filed?      ☐ No   ☐ Yes, Date _____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep. * | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Law Office of Kenneth A. LaBarca | 305 Broadway, Suite 805 New York, NY  10007 | 212-962-2211 |
| ☐ | | | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Litchfield Cavo LLP | 420 Lexington Avenue, Suite 2104 New York, NY 10170 | 212-434-0100 |

* Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS: New Jersey Manufacturers Insurance Company

RELATED CASES: (if NONE, write "NONE" below)

Title                 Index #   Court                    Nature of Relationship
NONE

    I affirm under penalty of perjury that, to my knowledge, other than as noted above, there are and have been no related actions or proceedings, nor has a request of judicial intervention previously been filed in this action or proceeding.

Dated: June 19, 2008 _____        _____
                                      (Signature)  Victor A. Vincenzi, Esq.

                                      Litchfield Cavo LLP
                                      (Print or type name)

                                      Attorneys for Defendants


                    Attach rider sheet if necessary to provide required information

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
CELIA CAMPBELL,                                                    Index No.: 303120/08

              Plaintiff,

                                                    AFFIRMATION
-against-                                                              OF GOOD FAITH

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

              Defendants.
------------------------------------------------------------------------X

       VICTOR A. VINCENZI, an attorney admitted to practice law in the State of New York,

affirms the truth of the following under penalties of perjury:

       1.     Your affirmant is an attorney with LITCHFIELD CAVO LLP, attorneys for

defendants herein, and as such, am familiar with the facts and circumstances set forth herein

based upon my review of the file.

       2.     Your affirmant has attempted, in a good faith effort, to resolve by agreement the

issues raised by this motion without the intervention of court but, to date, has been unsuccessful.

       3.     I have written to plaintiff's attorney by letter dated May 15, 2008 and requested

that plaintiff furnish a response to our Demand for Dollar Amount of Damages Claimed.  To

date, there has been no service of a response to said demand.

       4.    Accordingly, it has become necessary to make this instant motion.

Dated:  New York, New York
       June 19, 2008

                                         VICTOR A. VINCENZI, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
CELIA CAMPBELL,                                    Index No.: 303120/08

                      Plaintiff,

                                                   NOTICE OF MOTION

-against-

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

                      Defendants.
-----------------------------------------------------------------------X

C O U N S E L O R S :

MOTION BY:                          LITCHFIELD CAVO, LLP
                                    Attorneys for Defendants.

DATE, TIME AND PLACE
  OF HEARING:                       On the 11th day of July, 2008 at 9:30
                                    o'clock in the forenoon of day or as soon
                                    thereafter as counsel can be heard in Room
                                    217 at the above Courthouse located at 851
                                    Grand Concourse, Bronx, New York.

SUPPORTING PAPERS:                  Affirmation of Victor A. Vincenzi, Esq.
                                    dated June 19, 2008 and the exhibits thereto
                                    attached and upon all the pleadings and
                                    proceedings heretofore had herein.

RELIEF DEMANDED:                    For an order pursuant to CPLR § 3017(c) to
                                    compel plaintiff to respond to defendants'
                                    Demand for Dollar Amount of Damages
                                    Claimed and requesting such other and
                                    further relief as to the Court deems just,
                                    proper and equitable.

ANSWERING AFFIDAVITS:               Pursuant to Rule 2214(b) answering
                                    affidavit are to be served upon the
                                    undersigned at least seven dates prior to the
                                    return date hereof.

Dated: New York, New York
      June 19, 2008

                           LITCHFIELD CAVO LLP

                           By: _____
                               VICTOR A. VINCENZI

                           420 Lexington Avenue, Suite 2104
                           New York, NY 10170
                           (212) 434-0100
                           *Attorneys for Defendants*

TO:   LAW OFFICE OF KENNETH A. LABARCA
       305 Broadway, Suite 805
       New York, NY 10007
       (212) 962-2211
       *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
CELIA CAMPBELL,                                        Index No.: 303120/08

                              Plaintiff,

                                                       AFFIRMATION

-against-

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

                              Defendants.
------------------------------------------------------------------------X

     VICTOR A. VINCENZI, an attorney duly admitted to practice in the Courts of the State

of New York, makes the following affirmation under penalties of perjury:

     1.     I am an attorney with LITCHFIELD CAVO LLP, attorneys for defendants herein,

and based upon a review of the file maintained in this office, I am fully familiar with the

pleadings and proceedings concerning this case.

     2.     I make this affirmation in support of the instant motion for an order pursuant to

CPLR § 3017(c) for an order to compel plaintiff to respond to defendants' Demand for the Dollar

Amount of Damages Claimed and requesting such other relief as to the Court deems just, proper

and equitable.

     3.     This action is brought to recover for personal injuries allegedly sustained by

plaintiff CELIA CAMPBELL arising out of a motor vehicle accident on October 30, 2007 at or

near the intersection of East 233rd Street and Provost Avenue, Bronx, New York.  The plaintiff is

purportedly a resident of the Bronx, New York.

     4.     The above-entitled action was commenced by the filing of a summons and

verified complaint on April 17, 2008 (a copy is attached as Exhibit "A").  Issue was joined by

service of defendants' verified answer to plaintiff's complaint dated May 13, 2008 (a copy of the

answer is annexed as Exhibit "B"). Served concurrently with the answer, the defendants also served a Demand for Dollar Amount of Damages Claimed (a copy of the demand is attached as Exhibit "C") .

5.    Along with the aforementioned demands your affiant wrote a letter to plaintiff's attorney advising of the demand and the reason why such demand was made i.e., demand for the ad damnum amount for possible removal to Federal Court based upon diversity. The demand and letter both request a response with 15 days pursuant to CPLR § 3017(c). (A copy of the letter is annexed as Exhibit "D".)

6.    Over 30 days have elapsed and the attorneys for the plaintiff have failed to provide a response to defendants' Demand for the Dollar Amount of Damages Claimed.

7.    No previous application for the relief herein prayed has been made.

WHEREFORE, it is respectfully requested that the Court issue an order pursuant CPLR § 3017(c) to compel plaintiff to respond to defendants' Demand for Dollar Amount of Damages Claimed and granting such other and further relief as this Court deems just, proper, and equitable.

Dated:  New York, New York
        June 19, 2008

VICTOR A. VINCENZI, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.: 303 120 / 2008

CELIA CAMPBELL,

Plaintiff designates
BRONX County as the
place of trial.

*Plaintiff,*

~ against ~

The basis of the venue is:
Plaintiff's residence

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

**SUMMONS**

*Defendants.*

Plaintiff resides at
628 East 216th Street
Bronx, New York
County of Bronx

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
April 17, 2008

**LAW OFFICE OF KENNETH A. LaBARCA**
*Attorney for Plaintiff*
305 Broadway, Suite 805
New York, New York 10007
Tel.: (212) 962-2211
Fax: (212) 962-2255

Defendants' Addresses:

GUSTAVO VILLALBA-CORONADO
146 EISENHOWER STREET, LAKEWOOD, NEW JERSEY 08701

FINKLE N. FREIGHT & LOGISTICS
435 ALLWOOD ROAD, CLIFTON, NEW JERSEY 07012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
CELIA CAMPBELL,

*Plaintiff,*

~ against ~

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

*Defendants.*

INDEX NO.: 303120 /2008

**VERIFIED COMPLAINT**

    Plaintiff, complaining of defendants, by KENNETH A. LABARCA, ESQ., their attorney, respectfully allege and show to this Court:

    1.    That at all times hereinafter mentioned, plaintiff resides in the County of Bronx, City and State of New York.

    2.    That as a result of the hereinafter alleged occurrence, plaintiff herein suffered a serious injury as defined by Section 5102, Subdivision (d) of the Insurance Law of the State of New York.

    3.    That by reason thereof, plaintiff herein is entitled to recover for non- economic loss and for such economic losses as are not included within the definition of "basic economic loss" set forth in Section 5102, Subdivision (a) of the Insurance Law of the State of New York.

    4.    Plaintiff herein is a "covered person" as defined by Section 5102, Subdivision (j) of the Insurance Law of the State of New York.

    5.    This action falls within one or more of the exceptions set forth in CPLR 1602.

    6.    That at all times hereinafter mentioned, plaintiff was the operator and owner of a 2000 KIA bearing New York State License Plate EAB3256.

    7.    Upon information and belief, defendant Gustavo Villalba-Coronado, was a resident of Lakewood, New Jersey.

8.    Upon information and belief, defendant Finkle N. Freight & Logistics was a foreign company duly licensed to do business in the State of New York.

9.    Upon information and belief, that at all times hereinafter mentioned, defendant Finkle N. Freight & Logistics, owned a certain 1997 FRH truck bearing New Jersey License Plate number AK588L.

10.    Upon information and belief, that at all times hereinafter mentioned, defendant Gustavo Villalba-Coronado, operated the vehicle owned by defendant, Finkle N. Freight & Logistics.

11.    Upon information and belief, at all times hereinafter mentioned, defendant, Gustavo Villalba-Coronado, operated the vehicle owned by defendant, Finkle N. Freight & Logistics, with the consent and/or permission of the defendant, Finkle N. Freight & Logistics.

12.    That at all times hereinafter mentioned, East 233rd and Provost Avenue, County of Bronx, City and State of New York, was and still is a public highway in common use by residents of the State of New York and others.

13.    That on or about 30th day of October, 2007 at about 9:53 A.M. of that day, the aforesaid 1997 FRH truck, owned by defendant Finkle N. Freight & Logistics, and operated by defendant Gustavo Villalba-Coronado, was being operated by defendant Gustavo Villalba-Coronado in the vicinity of East 233rd and Provost Avenue, County of Bronx, City and State of New York.

14.    Upon information and belief, the aforesaid vehicle 1997 FRH truck owned by defendant, Finkle N. Freight & Logistics, and being operated by defendant, Gustavo Villalba-Coronado, was one of the vehicles involved in the occurrence hereinafter more fully set forth.

15.    That on or about the 30th day of October, 2007 at about 9:53 A.M. of that day, while plaintiff Celia Campbell was operating her 2000 KIA, the said 2000 KIA was struck by the 1997 FRH truck owned by defendant, Finkle N. Freight & Logistics, and operated by defendant, Finkle N.

Freight & Logistics, thereby causing plaintiff Celia Campbell to be thrown in and about the vehicle in which she was seated and to become seriously injured about her head, body and limbs.

16.    That the aforesaid occurrence and the injuries sustained by plaintiff Celia Campbell therefrom were caused solely through the fault and negligence on the part of defendants without any fault or negligence on the part of said plaintiff contributing thereto.

17.    That by reason of the aforesaid occurrence, plaintiff Celia Campbell was injured about her head, body and limbs; has suffered, still suffers and, upon information and belief, will in the future continue to suffer great mental and physical pain and bodily injury; that she has been disabled and, upon information and belief, will in the future continue to be disabled by reason of said injuries; that she has required and, upon information and belief, in the future continue to require hospitalization, medical and/or surgical aid and attention for said injuries; that she has expended great sum of money to date for medical aid and attention and, upon information and belief, will be required to do so in the future; that she has been unable to attend to her regular duties and vocation and lost wages and income therefrom and, upon information and belief will in the future continue to lose wages and income and plaintiff's earning power will be diminished; that upon information and belief, her injuries and their sequelae will be of a lasting and permanent nature, and plaintiff has been deprived of the enjoyment of her life, all to plaintiff's damage in an amount the exceeds the jurisdictional limits of all lower courts.

WHEREFORE, plaintiff demand judgment against defendants in an amount that exceeds the jurisdictional limits of all lower courts together with the costs and disbursements of this action.

Dated: New York, New York
       April 17, 2008

LAW OFFICE OF KENNETH A. LaBARCA
*Attorney for the Plaintiffs*
305 Broadway, Suite 805
New York, New York 10007
Tel.: (212) 962-2211
Fax: (212) 962-2255

C:\Documents and Settings\Secretary\My Documents\My Files\LABARCA\OPEN CASES\Campbell, Celia\Verified Complaint.wpd

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                          )ss.:
COUNTY OF NEW YORK  )

The undersigned, and attorney admitted to practice in the State of New York, affirms the following under the penalty of perjury and pursuant to CPLR §2106:

That I am the attorney of record for plaintiffs in the within action. I have read the foregoing **SUMMON AND COMPLAINT** and know the contents thereof; that same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by the plaintiffs is because plaintiffs do not reside in the County where affirmant maintains his office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are information contained in affirmant's file which has been obtained by the plaintiffs, police reports and investigation.

Dated: New York, New York
       April 17, 2008

KENNETH A. LaBARCA

Law Office of
KENNETH A. LABARCA
305 Broadway, Suite 805
New York, New York 10007

Index No.: 303120    Year: 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CELIA CAMPBELL,

Plaintiff,

~against~

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

Defendants.

## SUMMONS and VERIFIED COMPLAINT

Form Signature Rule: *(130-1.1-a)*

KENNETH A. LABARCA, ESQ.
*Attorney for Plaintiff*
305 Broadway, Suite 805
New York, New York 10007
Tel.: (212) 962-2211
Fax: (212) 962-2255

To:

GUSTAVO VILLALBA-CORONADO
146 EISENHOWER STREET, LAKEWOOD, NEW JERSEY 08701

FINKLE N. FREIGHT & LOGISTICS
435 ALLWOOD ROAD, CLIFTON, NEW JERSEY 07012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
CELIA CAMPBELL,                                              Index No.: 303120/08

                        Plaintiff,
                                                            VERIFIED ANSWER
-against-

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

                        Defendants.
-----------------------------------------------------------------------X

        Defendants, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT &

LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, by their attorneys,

LITCHFIELD CAVO, LLP, answering the complaint of the plaintiff herein, respectfully allege

upon information and belief as follows:

        1.      Denies knowledge and information sufficient to form a belief as to the allegations

contained in the paragraphs of the complaint designated "1" and "6".

        2.      Denies each and every allegation contained in the paragraphs of the complaint

designated "2", "16" and "17".

        3.      Denies each and every allegation contained in the paragraphs of the complaint

designated "3", "4" and "5", respectfully referring all questions of law to the Court for decision

at the time of trial.

        4.      Admits the allegations contained in the paragraphs of the complaint designated

"7", "9", "10", "11", "12", "13" and "14".

        5.      Denies knowledge and information sufficient to form a belief as to the allegations

contained in the paragraph of the complaint designated "8" except admits that "defendant Finkle

N. Freight & Logistics was a foreign company."

6.     Denies the allegations contained in the paragraph of the complaint designated "15", except admits that "on or about the 30th day of October, 2007 at about 9:53 a.m. of that day, while plaintiff Celia Campbell was operating her 2000 KIA, the said KIA came into contact with the 1997 FRH truck owned by defendant, Finkle N. Freight & Logistics, and operated by defendant, Gustavo Villalba-Coronado."

<u>AS AND FOR A FIRST AND COMPLETE AFFIRMATIVE DEFENSE</u>

Any damages or injuries sustained by the plaintiff came about as a result of her <u>culpable conduct</u> as defined in CPLR Section 1411, Article 14-A, and any recovery on the part of the plaintiff shall be diminished in accordance with the guidelines set forth in that article.

<u>AS AND FOR A SECOND AND COMPLETE AFFIRMATIVE DEFENSE</u>

Plaintiff's injuries were caused in whole or in part by her failure to utilize seat belts at the time of the accident.

<u>AS AND FOR A THIRD AND COMPLETE AFFIRMATIVE DEFENSE</u>

Plaintiff is barred from bringing this action by reason of the provisions of the Comprehensive Automobile Insurance Reparations Act, Insurance Law, Article 51, Section 5102D.

<u>AS AND FOR A FOURTH AND COMPLETE AFFIRMATIVE DEFENSE</u>

The plaintiff herein is not entitled to recovery by reason of her failure to mitigate damages.

<u>AS AND FOR A FIFTH AND COMPLETE AFFIRMATIVE DEFENSE</u>

Pursuant to CPLR 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be

replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under Title XVIII of the Social Security Act), workers compensation or employee benefit programs (except such collateral sources entitled by law to liens against any recovery of the plaintiff), then and in that event defendants hereby plead in mitigation of damages the assessments of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two-year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

WHEREFORE, defendants, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT & LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, demands judgment dismissing plaintiff's complaint against them, together with the costs and disbursements of this action, and for any expense incurred by them in the defense thereof, including attorneys' fees.

Dated: New York, New York
      May 13, 2008

                LITCHFIELD CAVO LLP

                By: _____
                    VICTOR A. VINCENZI

                420 Lexington Avenue, Suite 2104
                New York, NY 10170
                (212) 434-0100
                *Attorneys for Defendants*

TO:    LAW OFFICE OF KENNETH A. LABARCA
       305 Broadway, Suite 805
       New York, NY 10007
       (212) 962-2211

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

VICTOR A. VINCENZI, an attorney admitted to practice in the Courts of the State of New York, states:

He is an attorney with LITCHFIELD CAVO LLP, attorneys for defendants, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT & LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, herein, that he has read the foregoing ANSWER, and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

Deponent further says the reason this verification is made by him and not by the defendants is that the defendants do not reside in the County where their attorneys maintain their office.

That the sources of deponent's information and the grounds of his belief as to all the matters in said ANSWER not stated of his own knowledge are papers, records, and correspondence of said defendants in deponent's file.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       May 13, 2008

VICTOR A. VINCENZI

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
CELIA CAMPBELL,

                     Plaintiff,

-against-

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

                   Defendants.
-------------------------------------------------------------------------X

Index No.: 303120/08

DEMAND FOR DOLLAR
AMOUNT OF DAMAGES
CLAIMED

      Defendant, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT & LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, hereby demand that pursuant to CPLR § 3017(c), within fifteen (15) days, Plaintiff supply the monetary amount of damages sought in the above-captioned action.

Dated: New York, New York
       May 13, 2008

                       LITCHFIELD CAVO LLP

                       By: _____
                          VICTOR A. VINCENZI

                       420 Lexington Avenue, Suite 2104
                       New York, NY 10170
                       (212) 434-0100
                       *Attorneys for Defendants*

TO:   LAW OFFICE OF KENNETH A. LABARCA
      305 Broadway, Suite 805
      New York, NY 10007
      (212) 962-2211
      *Attorneys for Plaintiff*

### *AFFIDAVIT OF SERVICE*

STATE OF NEW YORK　　）
　　　　　　　　　　　　　）ss.:
COUNTY OF NEW YORK　）

Robyn Lorenzo, being sworn, deposes and says: I am not a party to the action, am over 18 years of age, reside in Staten Island, New York, and am employed in the office of Litchfield Cavo.

On the 15th day of May, 2008, I served a true copy of the annexed VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF PARTICULARS, DEMAND FOR PRODUCTION, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION and DEMAND FOR DOLLAR AMOUNT OF DAMAGES CLAIMED, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known addressee as indicated below:

LAW OFFICE OF KENNETH A. LABARCA
305 Broadway, Suite 805
New York, NY 10007
(212) 962-2211
***Attorneys for Plaintiff***

Robyn Lorenzo

Sworn to before me this
15th day of May, 2008

Notary Public

VICTOR A. VINCENZI
Notary Public, State of New York
No. 02VI4821148
Qualified in Dutchess County
Commission Expires Jan 25, 2002　2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
CELIA CAMPBELL,

               Plaintiff,

-against-

GUSTAVO VILLALBA-CORONADO and
FINKLE N. FREIGHT & LOGISTICS,

               Defendants.
------------------------------------------------------------------X

Index No.: 303120/08

DEMAND FOR DOLLAR
AMOUNT OF DAMAGES
<u>CLAIMED</u>

    Defendant, GUSTAVO VILLALBA-CORONADO and FINKLE IV FREIGHT &

LOGISTICS, INC. s/h/a FINKLE N. FREIGHT & LOGISTICS, hereby demand that pursuant to

CPLR § 3017(c), within fifteen (15) days, Plaintiff supply the monetary amount of damages

sought in the above-captioned action.

Dated: New York, New York
      May 13, 2008

                           LITCHFIELD CAVO LLP

                           By: _____
                              VICTOR A. VINCENZI

                           420 Lexington Avenue, Suite 2104
                           New York, NY 10170
                           (212) 434-0100
                           *Attorneys for Defendants*

TO:    LAW OFFICE OF KENNETH A. LABARCA
        305 Broadway, Suite 805
        New York, NY 10007
        (212) 962-2211
        *Attorneys for Plaintiff*

## *AFFIDAVIT OF SERVICE*

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NEW YORK   )

    Robyn Lorenzo, being sworn, deposes and says:  I am not a party to the action, am over 18 years of age, reside in Staten Island, New York, and am employed in the office of Litchfield Cavo.

    On the 19th day of June, 2008, I served a true copy of the annexed **REQUEST FOR JUDICIAL INTERVENTION and MOTION PAPERS**, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known addressee as indicated below:

    LAW OFFICE OF KENNETH A. LABARCA
    305 Broadway, Suite 805
    New York, NY 10007
    (212) 962-2211
    *Attorneys for Plaintiff*

                          Robyn Lorenzo

Sworn to before me this
19th day of June, 2008

Notary Public

VICTOR A. VINCENZI
Notary Public, State of New York
No. 02VI4921149
Qualified in Dutchess County
Commission Expires Jan 25, 2009  2010

ALL-STATE LEGAL®
07181-BF · 07182-BL · 07183-GY · 07184-WH
800.222.0510 www.aslegal.com ·

*Index No.*                    *Year 20*

303120/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CELIA CAMPBELL,

Plaintiff,

-against-

GUSTAVO VILLALBA-CORONADO and FINKLE N. FREIGHT & LOGISTICS,

Defendants.

## REQUEST FOR JUDICIAL INTERVENTION and MOTION PAPERS

*Defendants* LITCHFIELD CAVO LLP

*Attorneys for*

420 LEXINGTON AVENUE
SUITE 2104
NEW YORK, N.Y. 10170
(212) 434-0100
FAX (212) 434-0105

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ......................................                    ..........................................
                                                                 Signature

                                                  ..........................................
                                                   Print Signer's Name

*Service of a copy of the within*                                            *is hereby admitted.*

*Dated:*

                                                  ..........................................
                                                        Attorney(s) for

PLEASE TAKE NOTICE

☐   that the within is a (certified) true copy of a

NOTICE OF   entered in the office of the clerk of the within-named Court on                    20
ENTRY

☐   that an Order of which the within is a true copy will be presented for settlement to the
    Hon.                                                , one of the judges of the within-named Court,
NOTICE OF   at
SETTLEMENT   on                    20          , at                    M.

*Dated:*

**AMERICAN CLERICAL SERVICE**
A Division of Empire Lawyers Services, LLC

116 John Street
New York, New York 10038
Phone: (212) 233-4040  Fax: (212) 732-4327
e-mail: acs@elaw.com
** We Serve Process on all City
Departments and Agencies **

Slip #    2753074-1

Acct# L41304          Route 26
LITCHFIELD CAVO
420 LEXINGTON AVENUE SUITE 2104
NEW YORK, NY 10170
(212) 434-0100 Fx(212) 434-0105

SUBSCRIBER         INFORMATION

TODAY'S
DATE __6.12.08__ ☐ CLERICAL ☒ MOTION ☐ CALENDAR #

COURT __Supreme__ COUNTY __Bronx__ INDEX #

JUDGE/PART __Room 217__ RETURN DATE: __7/11/08__

PLAINTIFF: __Campbell__

DEFENDENT: __Villalba-Coronado__ ATTORNEY __VHV__

FILE NO. 3129-48          SECRETARY __RLL__

INSTRUCTIONS

Please file RJ and motion
papers. Advise of assigned
Judge. Thankyou.

☐ CHECK HERE FOR
PROCESS SERVICE

**Check 1 (right):**

citibank®
CITIBANK, N.A. BR. #98
500 WEST MADISON STREET
CHICAGO, IL 60661

The Citigroup Private Bank

LITCHFIELD CAVO LLP
NEW YORK GENERAL ACCOUNT
420 LEXINGTON AVE., STE. 1750
NEW YORK, NY. 10170

5

2-7

PAY
TO THE
ORDER OF    Clerk of Supreme Bros. County

DATE  6/30/08

$ 45.0

Forty five                                    00
                                             100    DOLLARS

Re: Motion 3/29-48
Campbell v. Vullo, et. al.
Re Fex 3031210P

THIS CHECK IS DELIVERED FOR PAYMENT ON THE ACCOUNTS LISTED

⑈005744⑈ ⑈2710700⑈ ⑈080041798⑈⑈

**Check 2 (left):**

citibank®
NK, N.A. BR. #98
EST MADISON STREET
GO, IL 60661

The Citigroup Private Bank

LITCHFIELD CAVO LLP
NEW YORK GENERAL ACCOUNT
420 LEXINGTON AVE., STE. 1750
NEW YORK, NY. 10170

5-

2-706

PAY
TO THE
ORDER OF    Clerk of Supreme Brok County

DATE  6/30/08

$ 95.00

Ninety five                                  00
                                             100    DOLLARS

Re: Motion 3/29-48
Re: Fex 3031210P